# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS RICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GONZALES, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-01094-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Nicholas Rice ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 29, 2023, in preparing to screen the first amended complaint, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. (ECF No. 13.) On September 8, 2023, the order was returned as "Undeliverable, Return to Sender, Attempted-Not Known, Unable to Forward."

The deadline for Plaintiff to respond to the Court's order has now expired, and Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

**II.    Failure to Prosecute and Failure to Obey a Court Order**

　**A.    Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where

1

1 appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A
2 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
3 failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46
4 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,
5 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
6 amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)
7 (dismissal for failure to comply with court order).

8       In determining whether to dismiss an action, the Court must consider several factors:
9 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
10 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
11 cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779
12 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

13     **B.**    **Discussion**

14       Here, Plaintiff's response to the Court's August 29, 2023 order to show cause is overdue
15 and he has failed to comply with the Court's order.  The Court cannot effectively manage its
16 docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second
17 factors weigh in favor of dismissal.

18       The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
19 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
20 *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against
21 dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d
22 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
23 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
24 progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*
25 *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

26       Finally, the Court's warning to a party that failure to obey the court's order will result in
27 dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
28 *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  Plaintiff was warned in the new case

documents issued on July 21, 2023 that he must keep the Court and opposing parties informed of his correct current address, and if a party moves to a different address without filing and serving a notice of change of address, documents served at the old address of record shall be deemed received even if not actually received. (ECF No. 5, p. 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case and updating his address.

### III.     Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 27, 2023**         /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3