1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| 11  NICHOLAS RICE, | Case No.  1:23-cv-01094-NODJ-BAM (PC) |
| 12             Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR |
| 13      v. | FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER |
| 14  GONZALES, *et al.*, | (ECF No. 13, 18) |
| 15             Defendants. | **FOURTEEN (14) DAY DEADLINE** |
| 16 | |

17  **I.      Background**

18         Plaintiff Nicholas Rice ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

19  *pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United

20  States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21         On August 29, 2023, in preparing to screen the first amended complaint, the Court issued

22  an order requiring Plaintiff to show cause why this action should not be dismissed, without

23  prejudice, for failure to exhaust prior to filing suit.  (ECF No. 13.)  On September 8, 2023, the

24  order was returned as "Undeliverable, Return to Sender, Attempted-Not Known, Unable to

25  Forward."

26         Following Plaintiff's failure to file a notice of change of address or otherwise

27  communicate with the Court, on November 27, 2013, the Court issued findings and

28  recommendations regarding dismissal of this action for failure to prosecute and failure to obey a

1

1   court order.  (ECF No. 14.)  On November 29, 2023, Plaintiff filed a notice of change of address,

2   and the Court re-served the August 29, 2023 order to show cause and November 27, 2023

3   findings and recommendations to Plaintiff's new address.  (ECF No. 15.)  On December 20,

4   2023, the Court vacated the findings and recommendations, and granted Plaintiff's motion for a

5   thirty-day extension of time to respond to the order to show cause.  (ECF Nos. 17, 18.)

6        The extended deadline for Plaintiff to respond to the Court's order has now expired, and

7   Plaintiff has not responded to the August 29, 2023 order to show cause or otherwise

8   communicated with the Court.

9   **II.     Failure to Prosecute and Failure to Obey a Court Order**

10       **A.     Legal Standard**

11       Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

12   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

13   within the inherent power of the Court."  District courts have the inherent power to control their

14   dockets and "[i]n the exercise of that power they may impose sanctions including, where

15   appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

16   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

17   failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46

18   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

19   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

20   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

21   (dismissal for failure to comply with court order).

22       In determining whether to dismiss an action, the Court must consider several factors:

23   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

24   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

25   cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

26   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

27   ///

28   ///

1        **B.      Discussion**

2           Here, Plaintiff's response to the Court's August 29, 2023 order to show cause is overdue

3    and he has failed to comply with the Court's order.  The Court cannot effectively manage its

4    docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second

5    factors weigh in favor of dismissal.

6           The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

7    presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

8    *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

9    dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

10   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

11   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

12   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

13   *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

14          Finally, the Court's warning to a party that failure to obey the court's order will result in

15   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

16   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  Plaintiff was warned in the Court's

17   December 20, 2023 order that failure to comply with that order would result in dismissal of this

18   action, without prejudice, for failure to prosecute and failure to obey a court order.  (ECF No. 18,

19   p. 2.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

20          Additionally, at this stage in the proceedings there is little available to the Court that

21   would constitute a satisfactory lesser sanction while protecting the Court from further

22   unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this

23   action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

24   likely to have no effect given that Plaintiff has ceased litigating his case.

25   **III.     Recommendation**

26          Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

27   RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court

28   order and for Plaintiff's failure to prosecute this action.

                                              3

1    These Findings and Recommendation will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

3  **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

6  specified time may result in the waiver of the "right to challenge the magistrate's factual

7  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

8  *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10  IT IS SO ORDERED.

11     Dated:   **February 5, 2024**              /s/ *Barbara A. McAuliffe*         _

12                                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28